UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARRY JEROME WILLIAMS,

    Petitioner,

v.                                    Case No. 5:24-cv-13-TKW-MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Larry Jerome Williams, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 5. The undersigned concludes that the petition should be dismissed summarily for lack of jurisdiction, because the petition is an unauthorized "second or successive" habeas corpus application.

### I. Background

Williams (DC #361941) is an inmate of the Florida Department of Corrections currently confined at the Dade Correctional Institution. Doc. 5. Williams's habeas petition challenges his judgment of conviction and sentence for Robbery With a Firearm (Count 1) and Aggravated Assault

With a Firearm on a Law Enforcement Officer (Count Two) imposed by the Jackson County Circuit Court in Case No. 2010-CF-38. Doc. 5 at 1-2. Williams claims that his trial counsel was ineffective in various respects. *Id.* at 9-16.

Williams previously filed a § 2254 petition in this District Court challenging the same judgment. *See Williams v. State of Florida*, Case No. 5:19-cv-543-TKW-MAF.[1] That § 2254 petition was dismissed as untimely. *See Williams*, No. 5:19cv543-TKW-MAF, 2020 WL 5519167 (N.D. Fla. Sept. 14, 2020). Williams now seeks to challenge the same judgment a second time.

## II. Discussion

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before

---

[1] The court takes judicial notice of its own records. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987).

presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Williams's present § 2254 petition is a "second or successive" habeas corpus application. Williams does not allege or show that he obtained the Eleventh Circuit's authorization to file this petition. Williams's failure to receive the requisite authorization *before* filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus, Doc. 5, challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Larry Jerome Williams*, Jackson County Circuit Court Case No. 2010-CF-38, be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of court close this case file.

At Panama City, Florida, this 21st day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**